UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTINE RENEE LARSEN,  No. 07-11234

                Debtor(s).
_____/

KIMBERLY PRESTON,

                Plaintiff(s),

    v.  A.P. No. 11-1189

CHRISTINE RENEE LARSEN,

                Defendant(s).
_____/

Memorandum of Decision
_____

     By this adversary proceeding, plaintiff Kimberly Preston alleges that she has a claim against debtor and defendant Christine Larsen which is not dischargeable pursuant to § 523(a)(2) of the Bankruptcy Code due to Larsen's alleged fraud. The matter came on for trial before the undersigned on March 6, 2013. Although the facts are not as complete as the court would like them to be,[1] it became clear after questioning by the court that Preston's theory of nondischargeability is fatally

---

[1] The court's standard pretrial order, entered in this case on January 18, 2012, requires the parties to submit proposed findings and conclusions to the court seven days before trial. Preston did not submit proposed findings and conclusions at all, requiring the court to inquire as to the theory of the case at trial.

1

flawed. Accordingly, the court must dismiss the complaint with prejudice.

In 2004, Larsen and Ombsberg & Company entered into a written contract whereby the latter would provided planning, engineering and surveying services for a planned subdivision. In 2007, Larsen filed a Chapter 11 bankruptcy seeking to reorganize her affairs. In May, 2008, the court confirmed a plan whereby Larsen, through Pacific Sunset Development, LLC, would complete the subdivision as a means of paying her creditors. Thereafter, the consulting engineers now known as Ombsberg & Preston, began work on the subdivision.

On May 8, 2009, Ombsberg & Preston recorded a mechanic's lien on the subdivision. On June 9, 2009, Larsen, as president of Pacific Sunset Development, LLC, signed a promissory note for $120,857.00 to Kimberly Preston, dba Ombsberg & Preston, in return for which Preston released the mechanic's lien. Two years later, on March 14, 2011, Larsen converted her bankruptcy to Chapter 7. Preston then commenced this adversary proceeding.

Preston rests her claim to nondischargeability on a single theory: that Larsen committed fraud by not volunteering the fact that she had filed a Chapter 11. Since this cannot be a basis for a nondischargeable judgment, the complaint must be dismissed.

Preston does not cite any case, reported or unreported, where the failure to disclose a bankruptcy has been held to be fraud. The court has not found any such case either. The simple reason is that bankruptcy itself does not make a debtor's financial condition worse, and in many cases bankruptcies are beneficial to creditors. For instance, filing a bankruptcy to prevent loss of an asset by foreclosure may be the only hope of unsecured creditors to be paid. Moreover, bankruptcy law gives preferential treatment to postpetition creditors, so that Preston is treated under the law as if all of the unsecured debts at the time of the initial filing did not exist.[2] There is no logical reason why the mere fact of a bankruptcy filing *ipso facto* harms a creditor.

More fundamentally, there is no duty on the part of a debtor to voluntarily disclose that she

---

[2]Preston admits that she is entitled to priority as a postpetition creditor.

2

filed a bankruptcy petition. Pursuant to § 523(a)(A) and (B), a false statement regarding the debtor's financial condition can only result in a nondischargeable debt if it is made in writing. In this case, there was no false statement at all. A debtor is not obligated to disclose her financial condition; her only responsibility is to be honest when asked. Accordingly, failure to mention a pending bankruptcy - let alone one filed years before and with a confirmed plan - cannot, as a matter of law, be the basis for rendering a debt nondischargeable. See *In re Bailey,* 442 B.R. 416, 420-21 (Bkrtcy.W.D.Pa. 2011) ["Furthermore, even if [plaintiff] had proven that the Debtor fraudulently omitted to inform [him] of the pending bankruptcy . . . the foregoing would not have been actionable, as a matter of law . . . ."].

For the foregoing reasons, Preston's complaint will be dismissed. The court will enter an appropriate form of judgment.

Dated: March 8, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

3